# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JASON JONES,
    Petitioner,

vs.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,
    Respondent.

Civil Action No. 1:09-cv-158

Barrett, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's motion for stay and abeyance (Doc. 7) and motions to amend and for order of abeyance (Doc. 9), respondent's memoranda in opposition (Docs. 8, 10), and petitioner's reply memorandum. (Doc. 11).

Petitioner seeks habeas corpus relief on his involuntary manslaughter conviction. He alleges seven grounds for relief:

> **GROUND ONE:** The trial court erred to the prejudice of Appellant by finding him guilty of involuntary manslaughter, as those findings were not supported by sufficient evidence, and the state failed to meet its burden of proof.
>
> **GROUND TWO:** The trial court erred to the prejudice of the Appellant by finding him guilty of involuntary manslaughter, as those findings were contrary to law, and were against the manifest weight of evidence.
>
> **GROUND THREE:** The trial court erred to the prejudice of the Appellant by overruling his Motion for acquittal under Ohio Criminal Procedure Rule 29, as the stae [sic] failed to meet its burden of proving that Appellant was guilty of involuntary manslaughter.
>
> **GROUND FOUR:** The trial court erred when it allowed the state to present evidence of Appellant's arrest on drug charges and discovery of drugs and weapons, as that violated Evid R. 404(B).

**GROUND FIVE:** The trial court erred when it denied Appellant's motion for a mistrial, as the state committed prosecutorial misconduct in its closing statement.

**GROUND SIX:** The trial court erred to the prejudice of Appellant by not granting his motion to suppress the identification evidence when such evidence resulted from unduly suggestive techniques by the police.

**GROUND SEVEN:** The trial court erred to the prejudice of Appellant by imposing a sentence that is contrary to law because it was excessive.

(Doc. 2).

Petitioner requests a stay of these habeas corpus proceedings so that he may exhaust his state remedies. (Doc. 7). Petitioner states he has an appeal pending in the First District Ohio Court of Appeals on the denial of his petition for post conviction relief in Case Nos. B-0600264B and B-0506040B which was filed on April 2, 2009. (Doc. 7 at 2). However, as pointed out in respondent's return of writ, the Ohio Court of Appeals dismissed petitioner's appeal on April 29, 2009 for petitioner's failure to comply with the Ohio Rules of Appellate Procedure. (Doc. 6, Exh. 20). Moreover, it appears from respondent's return of writ that petitioner in fact has exhausted all of his seven grounds for relief in the state courts. (Doc. 6 at 11-12, Exhs. 9-16). Therefore, petitioner presents no legitimate basis for staying these habeas corpus proceedings based on an appeal of his post conviction relief petition.

Petitioner's "motion to amend" and "motion for an order of abeyance" (Doc. 9) requests this habeas case be held in abeyance so petitioner may "exhaust his State court remedies, namely MOTION TO VOID JUDGMENT PURSUANT TO CIVIL RULE 60(B)(4) (5) AND (6)." (Doc. 9 at 1). Petitioner states he filed a Rule 60(B) motion to void judgment in the Hamilton County Court of Common Pleas on July 16, 2009. (Doc. 9 at 2). Petitioner asserts that he is seeking to have his judgment declared void on the basis that "the Prosecutor committed Judicial Estoppel by

prevailing in one phase of a case on an argument and then relying on another contradictory argument to prevail in another phase of the legal proceedings" in violation of petitioner's constitutional rights. (Doc. 9 at 2-3). Petitioner's motion essentially asserts the prosecutor violated petitioner's constitutional rights by presenting inconsistent positions as to the cause of death of the victim. In petitioner's trial, the prosecutor argued the victim died when he was run over with an automobile driven by petitioner. In petitioner's co-defendant's trial, the prosecutor argued the victim died as the result of a gunshot wound. *See State v. Jones*, No. B 0600264-B, found at: http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B0600264-B.

Respondent opposes petitioner's motion for a stay. Respondent states that petitioner's Rule 60(B) motion was summarily denied by the trial court on August 4, 2009 because Ohio Civil Rule 60(B) has no application to criminal proceedings. (Doc. 10, Exh. A, citing *State v. Palmer*, Montgomery Co. Case No. 18778, 2001-Ohio-1393). Respondent argues that plaintiff is not entitled to a stay of this habeas proceeding to pursue a frivolous state court motion.

In reply, petitioner argues that he has appealed the denial of his motion to the Ohio Court of Appeals and anticipates that the state appellate court will construe his Rule 60(B) motion as a petition for post conviction relief under Ohio Rev. Code § 2953.21 and will address his claim of judicial estoppel. It appears from the state court docket sheet that petitioner's appeal remains pending before the Ohio Court of Appeals. *See State v. Jones*, No. B 0600264-B, found at: http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B0600264-B.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect

petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). To fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). *See also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). Although the exhaustion requirement is not jurisdictional, there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

If a federal habeas petitioner has not fairly presented his claims through the requisite levels of state appellate review to the state's highest court, but still has an avenue open to him in the state courts by which he may present his federal constitutional claims, his petition may be dismissed without prejudice or administratively stayed pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice (or administrative stay) on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522

(1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy's* total exhaustion requirement" and also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines*, 544 U.S. at 275, some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure. This procedure ensures that habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed without prejudice on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers*, 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 778-81 (6th Cir. 2002).

The discretion of the district court to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." *Rhines*, 544 U.S. at 276. If employed too frequently, stays have the potential to undermine the AEDPA's objectives of encouraging finality of state judgment by delaying resolution of the federal habeas proceedings and "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. The stay and abeyance procedure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

In this case, the petition is a not a "mixed" petition containing both exhausted

5

unexhausted claims. As indicated in respondent's return of writ, all of the claims in the instant petition have been exhausted. The petition does not include a claim that the prosecutor violated petitioner's constitutional rights by presenting inconsistent positions as to the cause of death of the victim in petitioner's trial and his co-defendant's trial. Therefore, there is no basis for a stay based on the current petition.

Assuming, arguendo, that petitioner's "motion to amend" seeks to add such a claim to the original petition, petitioner's motion for stay should nevertheless be denied. Even if the Court were to grant petitioner leave to amend the petition, petitioner has still not shown good cause for his failure to exhaust his state court remedies on this claim or that this unexhausted claim is potentially meritorious. *Rhines,* 544 U.S. at 277. *See also Hodge v. Haeberlin,* 579 F.3d 627, 638 (6th Cir. 2009). Petitioner has alleged no reasons for failing to exhaust his judicial estoppel claim prior to filing his habeas corpus petition in this federal court. Nor does petitioner offer any other justification to establish good cause for a stay of these habeas corpus proceedings. In addition, petitioner has failed to provide any specificity as to the nature of his judicial estoppel claim showing his claim is potentially meritorious. In the absence of such showings, it would be an abuse of this Court's discretion to grant the stay.

Accordingly, petitioner's motions to amend and for order of abeyance (Doc. 9) should be denied.

**IT IS THEREFORE RECOMMENDED THAT** petitioner's motion for stay and abeyance (Doc. 7) and motions to amend and for order of abeyance (Doc. 9) be **DENIED**.

Date: 2/8/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JASON JONES,
    Petitioner,

vs.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,
    Respondent

Civil Action No. 1:09-cv-158

Barrett, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jason Jones # 529-115<br>Ross Corr Inst.<br>PO Box 7010<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 3806 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:09cv158 (Doc. 12)