# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jason Jones,

    Petitioner,

v.

Warden, Ross Correctional Institution,

    Respondent.

CASE NO. 1:09cv158

Judge Michael R. Barrett

## ORDER

Petitioner Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 6, 2009 (Doc. 2). Jones seeks relief from the sentence that Ohio imposed following the finding of guilty by a jury. On August 24, 2009 the Petitioner filed a motion to stay this case (Doc. 7) due to an appeal that he has pending before the First District Court of Appeals. Respondent opposed this motion. Petitioner then filed a motion to amend the motion to stay (Doc. 9) on the same grounds. However, he provided more details in this motion as to his pending appeal. On February 8, 2010, Magistrate Judge Hogan filed a Report and Recommendation (hereinafter, the "Report") (Doc. 12) that recommended the Respondent's pending motions be denied. The Petitioner objects to the Report (Doc. 14).

    II. Legal Analysis and Opinion

When objections are received to a magistrate judge's Report and Recommendation on a non-dispositive matter, the assigned district judge can modified or set aside the findings if they are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

In habeas corpus proceedings a "stay and abeyance should be available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (U.S. 2005). However, even if a petitioner has shown good cause for that failure, this court would abuse its discretion if it were to grant a stay when the "unexhausted claims are plainly meritless." *Id.*

After Petitioner exhausted his other claims, he alleges that he learned that the prosecutor in his case made arguments that were to the contrary of what was argued in his trial in the trial of his co-defendant. Based upon this alleged newly discovered evidence, Petitioner filed a motion to vacate judgment under civil rule 60(B)(4)(5)(6) before the trial court. The trial court denied the motion and Petitioner appealed. Petitioner states in his objections that the court of appeals denied his appeal but then granted a motion for reconsideration. However, the docket sheet does not reflect this procedural history. Instead, Petitioner filed his appeal out of time and asked for leave to do so. The Court of Appeals deemed his appeal to be timely because Petitioner presented evidence that he was not timely provided with the trial court's decision. This appeal is still pending. See http://www.courtclerk.org/case_summary.asp?sec=history&casenumber= C%200900666.

In his objections to the R&R, Petitioner states that he has good cause for his failure to exhaust this claim. He first learned of this "newly discovered evidence" when he and his co-defendant happened to be transferred to the same correctional institution. While housed in the same institution, Petitioner and his co-defendant discussed their trials and he learned that the prosecutor allegedly argued competing theories as to cause of death of the same victim in their respective cases. Given that Petitioner was incarcerated during

2

his co-defendant's trial, he argues that he was unable to ascertain this information any sooner. The Court agrees that Petitioner has shown good cause as to why he did not exhaust this issue. However, he still has failed to show this Court that his claim is a meritorious one. First, as properly set forth in the R&R, the issue now pending before the State Court of Appeals is not one that is pending in the habeas petition. Petitioner has exhausted the seven grounds for relief stated in the habeas petition. Thus, there are no legitimate grounds to grant a stay. In addition, Petitioner has not requested leave to amend his petition to add this newly discovered unexhausted claim.

However, even if Petitioner's "motion to amend" was interpreted as requesting leave to amend the petition or if Petitioner filed a motion to amend, the Court would not be able to grant such leave because, based upon the evidence before this Court, the claim is futile. *See Wiedbrauk v. Lavigne*, 174 Fed. Appx. 993, 1000 (6th Cir. Mich. 2006) citing *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). Petitioner has not provided enough specificity or evidence to support his claim.

Thus, the Report and Recommendation is hereby ADOPTED. The motion to stay (Doc. 7) and the motion to amend the motion to stay (Doc. 9) are hereby DENIED.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
UNITED STATES DISTRICT JUDGE